UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| KIMBERLY ANN LOCKHART, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Docket No. 06-cv-160-P-S |
| ) | |
| PHILIP G. SMITH, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**ORDER ON ATTORNEY'S FEES**

Before the Court are Petitioner's Motion for Attorney's Fees (Docket # 29) and Petitioner's Final Motion for Attorney's Fees (Docket # 30). The motions were filed after this Court granted Petitioner Kimberly Lockhart's Petition for Return of Child under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), opened for signature Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89. (See Findings of Fact & Conclusions of Law (Docket # 25).)

Article 26 of the Hague Convention states that this Court

> may, where appropriate, direct the person who removed or retained the child, or who prevented the exercise of rights of access, to pay necessary expenses incurred by or on behalf of the applicant, including travel expenses, any costs incurred or payments made for locating the child, costs of legal representation of the applicant, and those of returning the child.

Id. In addition, the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601 et seq., which implements the Hague Convention, directs:

> Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11607(b)(3).  Given this statutory language, there is no question that the Petitioner is entitled to recover fees and costs.  The only question is the amount of that award.

Petitioner's motion papers are imprecise regarding the total amount that is being requested.  Nonetheless, the accompanying invoices clearly claim that Petitioner incurred $10,430.00 in attorney's fees, $505.31 in costs, and $1,500.00 in travel and lodging expenses for a total claim of $12,435.31.  In his Responses (Docket #s 31 & 32), Respondent has requested that the attorney's fees be reduced by $2,807.00 based on challenges to the diary descriptions contained in the attorney's invoice.  Respondent also claims that the request for $1,500.00 in travel expenses should be disallowed due to inadequate documentation.

With respect to the attorney's fees, the Court concludes that Respondent's limited objections are without merit.  Notably, Respondent did not object to the attorney's billing rate ($140 per hour).  Petitioner's counsel billed at that rate for a total of 74.5 hours.  Given the complexity of this matter, the hearings held and the briefing requested by the Court, as well as the need to track related state court proceedings, the Court is satisfied this reflects a reasonable amount of time.   Therefore, the Court finds that the attorney's fee request is reasonable and reflects necessary legal fees incurred by the Petitioner.  In addition, the Court believes that Petitioner's counsel provided adequate documentation for $505.31 in related court costs and will allow these costs as well.

With respect to the claimed travel expenses, the Court agrees with Respondent that the documentation of the expenses is somewhat lacking.  Nonetheless, the Court takes judicial notice of the fact that the mileage between Truro, Nova Scotia and Portland, Maine is approximately 530 miles one-way.  Petitioner was required to make this trip for at least two hearings and undoubtedly incurred some lodging expenses for each of those trips. In addition, Petitioner was required to either make a third trip to pick up the children or incur lodging expenses for an additional five days in light of the stay requested by Respondent.  Even absent further detailed documentation, the Court believes it is appropriate to award Petitioner $1,000.00 in necessary travel expenses.

Therefore, the Court hereby GRANTS Petitioner's Motions for Attorney's Fees (Docket #s 29 & 30) and ORDERS that Respondent pay Petitioner $1,000.00 for

expenses incurred in connection with this Petition. In addition, Respondent shall pay Petitioner's counsel a total sum of $10,933.31 to cover the necessary attorney's fees and costs incurred in connection with this Petition.

SO ORDERED.

                                              /s/ George Z. Singal  
                                              Chief United States District Judge

Dated this 7th day of December 2006.